THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: October 18, 2018



G. Michael Halfenger
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

|  |  |
|---|---|
| Neil E. Schonscheck and | Case No. 10-20647-GMH |
| Kathy A. Schonscheck, | Chapter 12 |
| Debtors. |  |

Kathy A. Schonscheck,

     Plaintiff,

    v.                      Adv. Proc. No. 18-02027-GMH

Deere & Company,

     Defendant.

## DECISION AND ORDER

     In 2009, defendant Deere & Company sued plaintiff Kathy Schonscheck in state

court alleging that she had defaulted on payments due under two purchase-money obligations for farm equipment. Deere sought replevin of its collateral. In 2010, while that action was pending, Schonscheck and her husband filed a petition in this court, commencing a case under chapter 12. Soon thereafter, but before Deere or the state court learned about the Schonschecks' chapter 12 case, the state court entered a default judgment against Schonscheck in favor of Deere. In 2017, after this court had dismissed the Schonschecks' 2010 bankruptcy case (and two more-recent chapter 12 cases), a state court issued a writ of replevin at Deere's request based on the 2010 default judgment. Deere then took possession of the farm equipment securing Schonscheck's debts to it.

In 2018, Schonscheck commenced this adversary proceeding alleging that the 2017 writ of replevin is invalid because the state court issued it based on the 2010 default judgment, which was void when entered due to the automatic stay that arose under 11 U.S.C. §362(a) when she and her husband commenced their first chapter 12 case in 2010. Both parties seek summary judgment.

I

The parties do not genuinely dispute the material facts. In 2007, Schonscheck executed a "Loan Contract – Security Agreement" in favor of Deere that was secured by four pieces of equipment. See CM-ECF Doc. No. 27, at 10–14.[1] In 2008, she executed a second "Loan Contract – Security Agreement" in favor of Deere that was secured by two more pieces of equipment. See *id.* at 16–21. Schonscheck did not timely make payments as required by those agreements. See CM-ECF Doc. No. 15, at 1; CM-ECF Doc. No. 27, at 8, ¶¶6 & 15. Deere sued Schonscheck in state court in December 2009 and moved for a default judgment on January 15, 2010. CM-ECF Doc. No. 15, at 1; CM-

---

[1] Citations to the record in this adversary proceeding are in the form, "CM-ECF Doc. No. __." Citations to the record in the Schonschecks' previous bankruptcy cases are in the form, "Case No. _____, CM-ECF Doc. No. __."

ECF Doc. No. 27, ¶¶2–3. On January 25, 2010, the state court granted Deere's motion, entered default judgment in Deere's favor, and issued a writ of replevin. CM-ECF Doc. No. 1, ¶12; CM-ECF Doc. No. 9, ¶12.

Five days before the state court entered judgment, Schonscheck and her husband filed a chapter 12 petition in this district. Case No. 10-20647, CM-ECF Doc. No. 1. Three days later, on January 23, 2010, the clerk gave notice by first class mail to "John Deere Credit" and "John Deere Risk Protection". Case No. 10-20647, CM-ECF Doc. No. 4, at 5.

The Schonschecks' chapter 12 reorganization did not succeed. In March 2014, the court dismissed their case because they failed to make required plan payments. Case No. 10-20647, CM-ECF Doc. No. 229.

Schonscheck made a payment to Deere in April 2014, but she has not made one since. CM-ECF Doc. No. 27, ¶5.[2] In November 2014, the Schonschecks told Deere's counsel that they would be harvesting their bean crop within about 30 days and that they intended to pay the debt to Deere in full out of the proceeds, but they did not pay. *Id.* ¶6. In January 2015, the Schonschecks promised to pay by the end of the year, and Deere agreed to forego repossession in the meantime. *Id.* ¶7. Later that year, the Schonschecks promised to make payments that September, October, and December in full payment of the debt to Deere, but they again failed to pay. *Id.* ¶8. In January 2016, Schonscheck sued Deere in state court alleging breach of their second forbearance agreement, but the court dismissed that case after concluding that the agreement was unenforceable. *Id.* ¶9.

---

[2] The facts in this paragraph are taken from an affidavit executed by Deere's lawyer, rather than by someone with personal knowledge who can offer testimony on Deere's behalf. See CM-ECF Doc. Nos. 16 & 27. On August 17, 2018, the court ordered Schonscheck, "by August 31, 2018", to "dispute[ ] any of the facts in Deere['s] . . . brief and affidavit", "specify which facts are in dispute", and "provide material in support of her dispute . . . in a form that would be admissible in evidence." CM-ECF Doc. No. 18, at 2. That order provides that "[a]ny facts" Schonscheck did not timely and properly dispute would "be deemed admitted." *Id.* Schonscheck did not dispute the facts stated above, so the court deems them admitted.

The Schonschecks commenced two more chapter 12 cases in 2016. They brought the first of these in April, and the court dismissed it that September at the Schonschecks' request. Case No. 16-24034, CM-ECF Doc. Nos. 1 & 21. They filed the second in October, and the court dismissed it on the Schonschecks' request the following February without confirming a chapter 12 plan. Case No. 16-29848, CM-ECF Doc. Nos. 1 & 31.

After the court dismissed the last of these cases, Deere returned to state court to enforce its judgment from 2010. On November 15, 2017, the state court issued a civil search warrant and a new writ of replevin authorizing Deere to seize its collateral. CM-ECF Doc. No. 1, ¶¶14–15; CM-ECF Doc. No. 9, ¶¶14–15. Sheriff deputies executed the state-court process and seized the collateral. See CM-ECF Doc. No. 1, ¶16; CM-ECF Doc. No. 9, ¶16; CM-ECF Doc. No. 27, ¶12. Deere then informed Schonscheck that it intended to sell the collateral in a private sale "sometime after January 20, 2018." CM-ECF Doc. No. 1, ¶18; CM-ECF Doc. No. 9, ¶18. Schonscheck brought this adversary proceeding on January 19. CM-ECF Doc. No. 1.

II

Schonscheck seeks a declaration that the 2010 state-court judgment entered in favor of Deere, on which Deere relied in requesting the 2017 writ of replevin it then used to seize its collateral, is void because the state court issued it while the automatic stay in her and her husband's 2010 case under chapter 12 was in place. She seeks summary judgment on this claim. Deere argues that this adversary proceeding should be dismissed because, among other reasons, even if the 2010 judgment is void, it had the right to repossess its collateral and there was no stay in effect when it did.

This court may consider the effect of the automatic stay that arose when the Schonschecks filed their 2010 chapter 12 case on the default judgment the state court entered a few days later. See 28 U.S.C. §1334(b). As there are no genuine issues of material fact precluding summary judgment on Schonscheck's claim for declaratory

relief, the court will consider whether she, or Deere, is entitled to relief on that claim. Fed. R. Bankr. P. 7056.

A

After reviewing the parties' initial summary judgment filings, the court, by order dated August 17, 2018, required Schonscheck to explain—in her reply in support of her summary-judgment motion—why the court should not retroactively annul the stay in the 2010 case to negate any effect it might otherwise have on the judgment Deere obtained in state court or its subsequent collection actions. The order states:

> The court is considering annulling the automatic stay for cause under 11 U.S.C. §362(d)(1) and granting judgment in favor of Deere & Company based on that annulment. Plaintiff must explain in detail why the court should not annul the automatic stay for cause under 11 U.S.C. §362(d)(1) and dismiss this case with prejudice.

CM-ECF Doc. No. 18, at 2. Schonscheck timely replied, but she did not argue against annulment, much less satisfactorily explain why the court should not annul the automatic stay, as proposed. See CM-ECF Doc. No. 21. Because Schonscheck failed to comply with the court's order, the court annuls the 2010 case's §362(a) stay as to Deere; all pertinent state-court orders, judgments, and writs; and all property in which Deere claims an interest retroactively to January 20, 2010.

B

The court separately concludes that the stay should be annulled for cause, based on the facts and circumstances of this case, under 11 U.S.C. §362(d). Section 362(d) states that, "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under [§362(a)], such as by terminating, *annulling*, modifying, or conditioning such stay—(1) for cause . . . ." §362(d)(1) (emphasis added).

"The word 'annulling' in this provision," the Eleventh Circuit has observed, "contemplates the power of bankruptcy courts to grant relief from the stay which has

retroactive effect; otherwise its inclusion, next to 'terminating', would be superfluous." *Albany Partners, Ltd. v. Westbrook (In re Albany Partners, Ltd.)*, 749 F.2d 670, 675 (11th Cir. 1984). The Eleventh Circuit explained the difference between "annulling" and "terminating" as follows:

> [A]n order annulling the stay [can] operate retroactively to the date of the filing of the petition which gave rise to the stay, and thus validate actions taken by the party at a time when he may have been unaware of the existence of the stay. On the other hand, an order terminating the stay [is] operative only from the date of its entry.

*Id.* (quoting 2 *Collier's Bankruptcy Manual* ¶362.06 (3d ed. 1983)); *see also, e.g., In re Myers*, 491 F.3d 120, 127 (3d Cir. 2007) ("[A]ctions in violation of the stay, although void (as opposed to voidable), may be revitalized in appropriate circumstances by retroactive annulment of the stay."); *In re Lampkin*, 116 B.R. 450, 453 (Bankr. D. Md. 1990) ("The effect of annulling the stay is to negate its existence in its entirety.").

While bankruptcy courts are judicious in annulling the stay, courts have found cause to do so in circumstances like those presented here. For example, the Fifth Circuit has recognized that the automatic stay should not apply to nullify a foreclosure proceeding commenced by a creditor where "redundancy and delay would needlessly result" because applying the automatic stay would have no meaningful effect beyond forcing the creditor "to conduct another foreclosure proceeding." *Mut. Benefit Life Ins. Co. v. Pinetree, Ltd. (In re Pinetree, Ltd.)*, 876 F.2d 34, 37 (5th Cir. 1989).

> [W]here a creditor having no knowledge of a pending bankruptcy forecloses in good faith on the collateral, and where the debtor's interest in that collateral is unenforceable against that creditor, and where the debtor, although notified in advance of the foreclosure, failed to assert its status before the foreclosure, . . . the automatic stay should [be] annulled with respect to the post-bankruptcy foreclosure.

*Id.*

The circumstances here similarly justify annulling the stay. Nothing suggests,

and Schonscheck does not argue, that either the state court or Deere was aware of the 2010 bankruptcy case before the state court entered judgment for Deere. Moreover, the Schonschecks did not dispute the validity of the state-court judgment based on the automatic stay in their 2010 bankruptcy case or in any of their bankruptcy cases. On June 2, 2017, Kathy Schonscheck moved in the 2009 state-court replevin action to vacate the default judgment Deere obtained in 2010, but "[t]he court never heard the motion." See CM-ECF Doc. No. 22, ¶11.

Schonscheck now asks this court to enforce a stay that terminated four years ago when the court dismissed her and her husband's 2010 bankruptcy case. See 11 U.S.C. §362(c)(1) & (2)(B). To enforce the stay now to interfere with Deere's current efforts to collect on its collateral, after the Schonschecks have failed three times to complete a chapter 12 case, serves no bankruptcy purpose. Again, there is no suggestion that the state court or Deere knew about the stay when the state court entered the 2010 judgment for Deere. Nor does the record suggest that Deere is somehow not entitled to the relief that the state court has already granted it twice—replevin of its collateral based on the Schonschecks' failure to pay on the debts secured by that collateral. Enforcing the stay against the state court's 2010 judgment would merely force Deere to start over in state court, where already-completed state-court processes would have to be completed again. Such needless repetition serves no purpose but delay.

This court will not approve Schonscheck's obviously dilatory abuse of §362(a). Annulment is warranted. See, e.g., *Mut. Benefit Life Ins.*, 876 F.2d at 37–38; *Albany Partners*, 749 F.2d at 675–76; *In re Maxey*, No. 06-36773, 2006 WL 3834218, at *5 (Bankr. S.D. Tex. Dec. 27, 2006); *Lampkin*, 116 B.R. at 453.

C

Where, as here, there are grounds to annul the §362(a) stay, the court may also annul the co-debtor stay imposed by 11 U.S.C. §1201(a). Under the circumstances, given

the Schonschecks' apparent proclivity to interfere in bad faith with Deere's exercise of its state-law rights, and to prevent the equitable protections of the Bankruptcy Code from being applied inequitably to achieve improper ends, the court will exercise its authority under 11 U.S.C. §105(a) to annul the co-debtor stay that arose by operation of 11 U.S.C. §1201(a) when the debtors filed their 2010 chapter 12 case. See *In re Allen*, 300 B.R. 105, 121–122 (Bankr. D.D.C. 2003) (annulling the co-debtor stay under §1301).

D

Schonscheck, demonstrating no shortage of chutzpah, also seeks relief under §362(k), which permits recovery of "actual damages, including costs and attorneys' fees, and, in appropriate circumstances, . . . punitive damages" by "an individual injured by any willful violation" of the automatic stay. The court's annulment of the 2010 stay puts an end to this: Deere cannot be held liable for violating a stay that the court has retroactively annulled.

Additionally, a stay violation is not "willful" without at least minimal "awareness of [the] pending bankruptcy proceeding". See *In re Radcliffe*, 563 F.3d 627, 631 (7th Cir. 2009). And, once again, Schonscheck has offered nothing to suggest that either Deere or the state court knew about the Schonschecks' pending bankruptcy case before the state court entered judgment against Kathy Schonscheck in 2010.

Schonscheck instead suggests that in seeking, issuing, or acting upon a writ of replevin in 2017 based on a judgment entered in violation of the automatic stay in 2010, Deere or the state court willfully violated the stay, as they knew by then that the 2010 judgment was void. After February 2017, though, there was no stay in place in any of the Schonschecks' many bankruptcy cases—a point Schonscheck concedes. So anything Deere or the state court did after that date could not have willfully violated §362(a). In short, Schonscheck's request for relief under §362(k) lacks any legal or factual merit.

III

For the foregoing reasons, IT IS ORDERED that:

1.      The §362(a) automatic stay and the §1201 co-debtor stay, effective upon the Schonschecks' filing, in this district, of bankruptcy case number 10-20647, are annulled as to any and all relevant acts by Deere & Company against or to collect from Kathy Schonscheck, her co-debtor spouse, or her property (whether individual or marital property) and as to any and all relevant state-court orders, warrants, writs, and judgments authorizing Deere to so act.

2.      The clerk will enter judgment in favor of Deere & Company that so declares and that further provides that Schonscheck is entitled to nothing.

3.      The costs of this proceeding are awarded to Deere & Company.

4.      A copy of this Decision and Order will be entered in both this adversary proceeding and the Schonschecks' 2010 bankruptcy case, Case No. 10-20647.

#####